# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Alberto Bautista,<br><br>        Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>        Respondents. | No. CV-17-00532-PHX-DLR<br><br>**ORDER<br>and<br>DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge John Z. Boyle (Doc. 28) regarding Petitioner Luis Bautista's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (Doc. 28 at 13 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), and 72).) Petitioner filed objections on January 22, 2018 (Doc. 31), Respondents filed their response to the objections on January 25, 2018 (Doc. 32), and Petitioner filed a Reply to Respondents' Response to Objections on February 16, 2018 (Doc. 34).

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made). The Court agrees with the Magistrate Judge's determination that

Petitioner's claim is meritless. The Magistrate Judge correctly noted that *Miller v. Alabama*, 567 U.S. 460 (2012), does not require States to re-litigate sentences in every case where a juvenile offender received mandatory life without parole. Rather, "[a] State may remedy a *Miller* violation by permitting juvenile offenders to be considered for parole, rather than by resentencing them." *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016). The Magistrate Judge correctly concluded that Arizona remedied any *Miller* error by reinstating parole for juvenile offenders sentenced to life imprisonment, and therefore Petitioner's habeas claim is meritless.

The Magistrate Judge also correctly concluded that Petitioner's claim that he is entitled to resentencing based upon infirmities within H.B. 2539, the Arizona law establishing parole eligibility for juveniles sentenced to life imprisonment, alleges a violation of state law. Correctly, the Magistrate noted that federal habeas relief is not available to redress alleged errors in state post-conviction proceedings.

The Court accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS ORDERED** that the Magistrate Judge's R&R (Doc. 28) is **ACCEPTED** and Petitioner's renewed motion to stay proceedings (Doc. 24) is **DENIED**.

**IT IS FURTHER ORDRED** that the Clerk of Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. Additionally, without further order of the Court, the Clerk shall terminate this action.

//
//
//
//
//

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 6th day of March, 2018.

Douglas L. Rayes
United States District Judge